Sheehan & Associates, P.C.　　　　　　　　　　　　　　　60 Cuttermill Rd Ste 409, Great Neck NY 11021-3104
spencer@spencersheehan.com　　　　　　　　　　　　　　tel. (516) 268-7080　　　fax (516) 234-7800

January 15, 2021

District Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

　　　　　　　　　　　　　　　　　　　　　　Re:　1:20-cv-05520-BMC
　　　　　　　　　　　　　　　　　　　　　　　　Seaman et al. v. Kellogg Company

Dear District Judge Cogan:

　　　This office represents the plaintiffs. In accordance with your Honor's Individual Rules of Practice in Civil Cases, the parties submit this joint letter in advance of the conference on Thursday, January 21, 2021.

　　　**1.　Brief description of the action and principal defenses**

　　　**a.　Plaintiffs' Position**

　　　Plaintiffs alleged that Defendant's promotional practices induce consumers to purchase their Products expecting to receive the promised benefit – such as movie tickets, free concessions or crayons. In fact, almost 70% of consumers indicated they are more likely to make a purchase when offered a reward or gift. Complaint at ¶ 5. Almost 40% stated these extras were the deciding factor when choosing which brands to buy. Complaint at ¶ 6.

　　　Since many of the on-pack promotions are expired by the time plaintiffs and consumers purchase them, they don't receive the benefit of their bargain. Complaint at ¶ 8. Defendant's actions fall squarely within the ambit of this State's General Business Law §§ 349 and 350, which New York's highest court has recognized are founded on the overarching belief that "[c]onsumers have the right to an honest market place where trust prevails between buyer and seller." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995). "These statutes on their face apply to virtually all economic activity, and their application has been correspondingly broad." *Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282, 290 (1999).

　　　Rather than disclose the terms for the "Free" offers clearly and conspicuously, Defendant provides a disclaimer that is relatively distant (in terms of the package area) from the promised benefit and in minute font. Moreover, plaintiffs did not expect the promotions to expired because the Products were still being sold and were still consumable, based on their shelf-life.

　　　**b.　Defendant's Position**

　　　Kellogg periodically labels its products with on-pack promotions, which offer consumers a reward (such as a $5 voucher for Crayola products if a consumer purchases three boxes of Eggo waffles or pancakes, or a $13 voucher for a movie ticket if a consumer purchases five qualifying cereal products). Kellogg's on-pack promotions clearly and conspicuously state the applicable terms and conditions, including the dates of the promotions and the number of products a consumer must purchase to be eligible for the promotion.

As explained in Kellogg's accompanying request for a pre-motion conference, Plaintiffs' theory of deception — *i.e.*, that Kellogg falsely suggested that the expiration dates of its on-pack promotions coincide with the shelf life of the product — is implausible and warrants dismissal. It is well-established that a reasonable consumer exercising common sense cannot be deceived by the terms of a promotion if it "expressly . . . states the terms and conditions which must be met in order to win" and "no reasonable reader could ignore" the "qualifying language" on the packaging. *Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995). Several courts in this District have applied this precise reasoning in dismissing lawsuits challenging promotions whose terms and conditions were "fully disclosed" to consumers. *Derbaremdiker v. Applebee's Int'l, Inc.*, No. 12-1058, 2012 WL 4482057, at *6 (E.D.N.Y. Sept. 26, 2012); *see also Wright v. Publishers Clearing House, Inc.*, 439 F. Supp. 3d 102, 119 (E.D.N.Y. 2020) ("In light of the disclosures in the rules for the contests, which PCH [Publishers Clearing House] explicitly instructed the Plaintiffs to read, no reasonable consumer would believe that buying a PCH product would increase their chance of winning.").

Plaintiffs' lawsuit also suffers from other flaws. For example, Plaintiffs have not plausibly alleged that they purchased the requisite number of products to be eligible for the challenged on-pack promotions; in fact, one Plaintiff alleges that she purchased "*one of* [Kellogg's] cereals" whose labeling included a movie theater promotion, even though those promotions uniformly required consumers to purchase multiple items. Compl. ¶ 51 (emphasis added); *see also id.* ¶ 52 (alleging that she "purchased *the item* at Target"). Nor have Plaintiffs plausibly alleged that they saw the on-pack promotions before they bought them, as would be required to establish that those promotions *caused* their alleged injuries. *See, e.g.*, *Gale v. IBM Corp.*, 9 A.D.3d 446, 447 (2d Dep't 2004) ("If the plaintiff did not see any of these statements, they could not have been the cause of his injury, there being no connection between the deceptive act and the plaintiff's injury."). And as explained in Kellogg's request for a pre-motion conference, virtually all of Plaintiffs' tag-along claims suffer from independent defects that require their dismissal.

Finally, leaving aside the merits, Plaintiffs' case is wholly unsuited for class-wide resolution. Kellogg used a wide variety of on-pack promotions during the class period — all of which had different terms and conditions, including requirements that the consumer purchase a specified number of items. Moreover, as explained above, the terms and conditions were visible to consumers on each promotion. Even assuming that this case moved past the pleading stage, Plaintiffs' claims implicate a host of individualized inquiries — including the specific products each consumer purchased, the dates of purchase, the number of items each consumer purchased, and whether the consumer read the terms and conditions — that will preclude a finding of predominance and will defeat class certification.

### 2. Jurisdiction

Plaintiffs have asserted diversity jurisdiction under 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA"). Plaintiffs Seaman and Corbin are citizens of Kings County, New York and Wake County, North Carolina. Defendant is a Delaware corporation with a principal place of business in Battle Creek, Michigan, Calhoun County. Plaintiffs have alleged the amount in controversy exceeds the jurisdictional threshold.

Kellogg agrees that subject matter jurisdiction is proper under 28 U.S.C. § 1332(d).

**3.     Brief description of all contemplated and/or outstanding motions**

Kellogg intends to file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for the reasons set forth in its request for a pre-motion conference. If the case proceeds beyond the pleading stage, Plaintiff intends to file a motion for class certification under Rule 23, which Kellogg will oppose. Kellogg may file a motion for summary judgment at a later stage.

**4.     Other Issues**

Given that this is a putative class action, the parties believe that the Court's presumptive 90-day window to conduct discovery is inappropriate, and they have proposed a discovery schedule with specific deadlines for completing discovery-related activities. The parties anticipate that expert discovery and depositions will occur in connection with class certification briefing if the case proceeds to that stage, and they will confer upon an appropriate schedule for class certification briefing that accommodates expert discovery at an appropriate time. The parties suggest that the Court set a final cutoff for the completion of discovery approximately 90 days following a ruling on Plaintiff's anticipated motion for class certification.

Thank you.

Respectfully submitted,

 /s/Spencer Sheehan
Spencer Sheehan

**Certificate of Service**

I certify that on January 15, 2021, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☐ | ☐ | ☒ | ☐ |
| Plaintiffs' Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan